UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFF SMOGER, | § | NO. 1:24-cv-00550-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., SOLAR MOSAIC | § | |
| LLC, | § | |
| *Defendant.* | § | |

ORDER GRANTING MOTION TO COMPEL

Before the Court is a motion to compel arbitration filed on July 12, 2024, by Defendant Solar Mosaic LLC ("Defendant") (Dkt. # 9.)  Plaintiff Jeff Smoger did not respond to the Defendant's motion to compel.

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, and for the reasons that follow, the Court **GRANTS** Defendant's motion to compel arbitration.  (Dkt. # 9.)

BACKGROUND

On or around February 2018, Plaintiff allegedly obtained a home improvement loan with Defendant Mosaic to purchase and install solar panels on his house.  (Dkt. # 1 at ¶ 14.)  In 2019, Plaintiff allegedly ceased making payments

1

on the Account.  (Id. at ¶ 15.) Thereafter, Plaintiff alleges Defendant committed violations of the Fair Credit Reporting Act.  (Id. at ¶ 1.)  On or around February 29, 2020, Defendant Mosaic allegedly sold the charged off debt to National Recovery Solutions, LLC ("NRS"), a third-party debt collector.  (Id. at ¶ 17.)  In or around August 2023, Defendant Mosaic allegedly began falsely or erroneously furnishing to Defendant Experian that the Account had a delinquent payment history.  (Id. at ¶ 18.)  Experian allegedly published the delinquent payment history.  (Id. at ¶ 24.) Plaintiff alleges Defendant Mosaic negligently and willfully continues to furnish the incorrect information to Defendant Experian in violation of the Fair Credit Reporting Act. (Id. at ¶ 25.)

Defendant Mosaic moves to compel arbitration based on a written agreement that contains the following arbitration provision:

**16. ARBITRATION AGREEMENT**

**PLEASE READ THE FOLLOWING ARBITRATION TERMS CAREFULLY AS THEY WILL HAVE A SUBSTANTIAL IMPACT ON HOW LEGAL CLAIMS YOU AND WE HAVE AGAINST EACH OTHER ARE RESOLVED**. If either you or we elect to arbitrate a Claim rather than have a court (a judge or a jury) decide the Claim, it will be resolved by individual (not class or class-wide) binding arbitration in accordance with the terms specified in this Arbitration Agreement.
* * * *
The term "Claim" has the broadest possible meaning. It includes initial claims, counterclaims, cross-claims, third-party claims and federal, state, local and administrative claims and claims which arose before the effective date of this Arbitration Agreement. It also includes disputes based upon contract, tort, consumer rights, fraud and

other intentional torts, constitution, statute, regulation, ordinance, common law and equity and claims for money damages and injunctive or declaratory relief.

(Dkt. # 9-1 at 21.) (emphasis in original).

LEGAL STANDARD

The Federal Arbitration Act ("FAA") establishes "a liberal federal policy favoring arbitration agreements" and "requires courts to enforce agreements to arbitrate." CompuCredit Corp. v. Greenwood, 565 U.S. 95, 97 (2012) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)); see also Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 527 (2019). "The FAA was designed to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts." Volt Info. Scis., Inc. v. Bd. Of Trs. Of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989) (internal quotations and citations omitted). Thus, the FAA was intended "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Bell v. Koch Foods of Miss., LLC, 358 F. App'x 498, 500-01 (5th Cir. 2009) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 22).

When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary principles that govern the formation of contracts to determine whether a valid agreement to arbitrate exists.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); see also Carter v. Countrywide Credit

Indus., Inc., 362 F.3d 294, 297 (5th Cir. 2004).  "The party seeking to compel arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence."  Grant v. Houser, 469 F. App'x 310, 315 (5th Cir. 2012); see also Hines v. Overstock.com, Inc., 380 F. App'x 22, 24 (2d Cir. 2010) (holding that the party moving to compel arbitration must make a prima facie initial showing that an agreement to arbitrate exists).  Because of the strong presumption in favor of arbitration, the party opposing arbitration bears the burden to demonstrate either that the agreement is invalid or inapplicable.  See, e.g., Carter, 362 F.3d at 297; Harrington v. Atlantic Sounding Co., Inc., 602 F.3d 113, 124 (2d Cir. 2010); Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001); Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir. 1996).  The "presumption of arbitrability" requires that arbitration be compelled unless it may be said with "positive assurance" that the parties' agreement "is not susceptible of an interpretation that covers ... the dispute."  United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 589 (1960).

Importantly, "courts must 'construe arbitration clauses as broadly as possible,' and 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25 (holding that "as a matter of federal law, any doubts concerning the scope of

4

arbitrable issues should be resolved in favor of arbitration"); see also Volt Info. Scis., Inc., 489 U.S. at 476 (deciding that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration"); Guyden v. Aetna, Inc., 544 F.3d 376, 382 (2d Cir. 2008) (holding that "ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration"); Webb, 89 F.3d at 258 (same); State of N.Y. v. Oneida Indian Nation of N.Y., 90 F.3d 58, 61 (2d Cir. 1996) (dictating that a court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute").

Once a court has found that a valid and enforceable agreement to arbitrate exists, it is "require[d] to enforce agreements to arbitrate." CompuCredit, 132 S. Ct. at 669.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration."  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 218 (2002).  This interpretative principle reflects the "'healthy regard for the federal policy favoring arbitration.'" Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 24); see also Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000).  As a result, "only the most forceful evidence" can defeat a motion to compel arbitration.

United Steelworkers of Am., 363 U.S. at 585; see also CompuCredit, 132 S. Ct. at 669.  In accordance with the FAA, if a litigant in a court proceeding refuses to arbitrate a dispute within the scope of a valid arbitration agreement, a judicial order compelling arbitration is mandatory.  See 9 U.S.C. § 4.

## DISCUSSION

In the Fifth Circuit, "[c]ourts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute."  Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir. 2003).  Courts must (1) determine whether the parties entered into any arbitration agreement at all and (2) determine whether the claim at issue is covered by the arbitration agreement.  Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 201 (5th Cir. 2016).

Here, it is undisputed that Mosaic and Plaintiff entered into a contract that provides for arbitration. Plaintiff admits that he signed the Loan Agreement. (Dkt. # 1 at ¶¶ 14.)

All of Plaintiff's claims arise from or relate to the Agreement and fall within the scope of the Agreement's arbitration clause.  (Dkt. # 1 at ¶¶ 14-41, 62-83.)  Specifically, the arbitration clause covers "Claims," which are defined to include "federal" claims and "disputes based upon . . . consumer rights" and "statute."  (Dkt. #9-1 at 21.) The Fair Credit Reporting Act (FCRA) is a federal

6

consumer rights statute.  The claims Plaintiff brings against Mosaic pursuant to the

FCRA are within the arbitration clause's scope.

Plaintiff has not provided any response to the present motion nor

offered any reason why the arbitration clause should be unenforceable. See Van

Buren v. Pro Se Planning, Inc., No. 14–2099, 2014 WL 6485653, at *5 (E.D. La.

Nov. 18, 2014) ("[T]he Plaintiff's failure to articulate a specific challenge to the

delegation clause requires the Court to abstain from deciding the merits of any

dispute concerning enforceability of the arbitration agreement or the underlying

contract and refer the matter to arbitration.")

Based on the arbitration provision, the Court finds it proper to stay the

proceedings. Section 3 of the Act provides:

> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in
> writing for such arbitration, the court in which suit is pending, upon
> being satisfied that the issue involved in such suit or proceeding is
> referable to arbitration under such an agreement, shall on application
> of one of the parties stay the trial of the action until such arbitration
> has been had in accordance with the terms of the agreement . . .

See Francisco v. Stolt-Nielsen, S.A., No. 02-2231, 2002 WL 31697700, at *6 (E.D.

La. Dec. 3, 2002) ("Courts may stay proceedings as to multiple defendants pending

the outcome of arbitration, even if some of those defendants are non-signatories to

the arbitration agreement.")  If the motion to compel is appealed, the Court finds

7

that a stay is also appropriate.  <u>Coinbase, Inc. v. Bielski</u>, 599 U.S. 736, 143 S. Ct.

1915, 1916, 216 L. Ed. 2d 671 (2023)

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendant's motion.

The Court will stay proceedings and order Plaintiff to submit his dispute to

arbitration pursuant to the terms of the Agreement.

IT IS SO ORDERED

DATED: September 19, 2024

_____

David Alan Ezra
Senior United States District Judge

8