# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

JEFF SMOGER,

        Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC,
and SOLAR MOSAIC LLC,

        Defendants,

**Civil Action Number:**
1:24-cv-00550

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff JEFF SMOGER ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Amended Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC ("Experian") and Defendant SOLAR MOSAIC LLC ("Mosaic"), collectively referred to as "Defendants", and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### PREMLIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees according to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

### JURISDICTION & VENUE

2.      The Court has jurisdiction over Plaintiff's claims according to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

3.      Venue is proper in this judicial district according to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3) being that the Plaintiff resides in this district, and all the Defendants transact business here.

4.      Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

**Plaintiff Jeff Smoger**

5.      Plaintiff is a resident of Williamson County, Texas.

6.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant Experian Information Solutions, Inc.**

8.      Defendant Experian is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district with its corporate headquarters located in this district at 701 Experian Parkway, Allen, Texas 75013. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX, 75201.

9.      At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

11.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Solar Mosaic LLC**

12.    Defendant Mosaic is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. Mosaic may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

13.    At all times material hereto, Defendant Mosaic is a person who routinely furnishes information concerning Consumers and their debts to Consumer Reporting Agencies for the purpose of publishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

**Background**

14.    In February 2018, Plaintiff obtained a home improvement loan (the "Account") with Defendant Mosaic to purchase and install solar panels on the roof of his house.

15.    In 2019, Plaintiff ceased making payments on the Account.

16.    Defendant Mosaic, subsequently, "charged-off" or wrote off the Account's remaining balance of $35,089.

17.    On or around February 29, 2020, Defendant Mosaic contracted with National Recovery Solutions, LLC ("NRS"), a third-party debt collector, to collect the "charged-off" debt. The Debt had a balance of $35,699.87 (the "Collection Account").

18.    In or around August 2023, Defendant Mosaic began falsely or erroneously furnishing to Defendant Experian that the Account had a delinquent payment history.

19.    Mosaic furnished the Account to Defendant Experian as 30 days late in August 2023, 60 days late in September 2023, 90 days late in October 2023 and Defendant Experian subsequently published the Account as 30 days late in August 2023, 60 days late in September 2023, 90 days late in October 2023 to Plaintiff's consumer report.

20.     Defendant Mosaic furnished the Account to Defendant Experian with a "charged-off" status in November and December 2023, and Defendant Experian published the Account with the "charged-off" status to Plaintiff's Experian consumer report in November and December 2023.

21.     On or around December 21, 2023, Plaintiff made a payment of $40,019.82 to NRS to pay off the Collection Account.

22.     On or around February 2, 2024, Plaintiff received a letter from NRS stating that Plaintiff is paid in full for the Collection Account.

23.     Despite Defendant Mosaic charging off the Account, Mosaic falsely or erroneously furnished to Defendant Experian that the Account had a delinquent payment history in 2023, and Experian published the delinquent payment history.

24.     To this day, Defendant Mosaic continues to furnish incorrect information to Defendant Experian, which Experian continues to publish to Plaintiff's consumer report.

**Defendant Mosaic's violation of 1681s-2(b)**

26.     Before February 2024, Plaintiff obtained a copy of his Experian consumer report and discovered that Defendant Mosaic had falsely or erroneously furnished the Account as having a delinquent payment history from August 2023 until December 2023.

27.     The false and erroneous reporting by Defendant Mosaic severely affected Plaintiff's creditworthiness and reputation.

28.     On or before February 2024, including but not limited to March 2023, Plaintiff disputed the Account with Defendant Experian several times, detailing the inaccuracy of the Account and attaching supporting documents that include proof of the payoff of the Account to National Recovery.

29.     Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant Mosaic.

30.     Despite Mosaic receiving the dispute, ACDVs, and accompanying documents, Defendant Mosaic conducted a superficial investigation and reported back to Defendant Experian that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

31.     Defendant Mosaic did not evaluate or review the documents, which were included with Plaintiff's disputes and ACDVs.

32.     Defendant Mosaic negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached to Plaintiff's disputes.

33.     In February 2024, Plaintiff disputed the Account with Defendant Experian, detailing the inaccuracy of the Account and attaching supporting documents that included proof of the payoff of the Account to National Recovery.

34.     Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant Mosaic.

35.     Despite Mosaic receiving the dispute, ACDVs, and accompanying documents, Defendant Mosaic conducted a superficial investigation and reported back to Defendant Experian that the information was "accurate" and should remain unchanged on Plaintiff's consumer report.

36.     Defendant Mosaic did not evaluate or review the documents, which were included with Plaintiff's disputes and ACDVs.

37.     Defendant Mosaic negligently or willfully failed to conduct a reasonable investigation of Plaintiff's dispute when it conducted a superficial investigation and did not review or evaluate the documents attached to Plaintiff's dispute.

38.    Defendant Mosaic did not correct or delete the inaccurate and erroneous information relating to the Account but continued to report false and erroneous information to a Consumer Reporting Agency.

39.    As a result of the inaccurate information relating to the Account remaining on Plaintiff's consumer report, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant Mosaic's erroneous and inaccurate reporting for up to 7 years.

40.    Due to Defendant Mosaic's negligent or willful failure to conduct a reasonable investigation, Plaintiff suffers from injuries to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish, and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

41.    For these reasons, Defendant Mosaic willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**Defendant Experian's violation of 1681i**

42.    Defendant Experian published the Account with a false and erroneous payment history from August 2023 until December 2023.

43.    The consumer report falsely indicated that the Account had a delinquent payment history and was charged off with a balance during the wrong dates, which severely affected the Plaintiff's creditworthiness and reputation.

44.    On or before February 2024, including but not limited to March 2023, Plaintiff disputed the Account with Defendant Experian several times, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account to National Recovery.

45.    In February 2024, Plaintiff disputed the Account with Defendant Experian, detailing the inaccuracies and attaching supporting documents including proof of the payoff of the Account to National Recovery.

46.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Mosaic or review the supplied documentation provided by Plaintiff.

47.    Instead, Defendant Experian relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

48.    It is averred that Defendant Experian did nothing more than parrot Defendant Mosaic.

49.    In or around March 7, 2024, Experian sent Plaintiff a cursory response stating that the disputed Account was verified as accurate and would remain on Plaintiff's consumer report with an erroneous payment history.

50.    Plaintiff was subsequently denied credit opportunities citing poor credit as reasoning for the denial.

51.    To this date Defendant Experian continues to publish false and erroneous information relating to the Account on Plaintiff's Experian consumer reports.

52.    Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account.

53.    The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

54.    Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

55.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b)**

56.     Defendant Experian did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to Plaintiff which contained erroneous information pertaining to the Account's payment history.

57.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to Plaintiff, which contained erroneous information pertaining to the Account.

58.     Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from Plaintiff relating to his consumer report and Account.

59.     Defendant Experian's failure to take adequate steps to verify information before Experian included it in Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

60.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

61.    Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Negligent Violation of the Fair Credit Reporting Act as to Defendant Mosaic**
**15 U.S.C. § 1681s-2(b)**

62.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63.    This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

64.    According to the FCRA, all persons who furnish information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

65.    According to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

66.    The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies, which were supplied such information.

67.    Defendant Mosaic negligently violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Experian; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

68.    Specifically, Defendant Mosaic furnished that the Account had a recent delinquent payment history and was "charged off" with an outstanding balance from August 2023 until December 2023 even though Plaintiff paid off the debt to National Recovery.

69.    Defendant Mosaic does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it contains for the purpose of furnishing that information to Consumer Reporting Agencies.

70.    As a result of the conduct, action, and inaction of Defendant Mosaic, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

71.    The conduct, action, and inaction of Defendant Mosaic was negligent, rendering Mosaic liable for actual, statutory, and punitive damages in an amount to be determined by a jury according to 15 U.S.C. § 1681(o).

72.    Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant Mosaic in an amount to be determined by the Court according to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
### Willful Violation of the Fair Credit Reporting Act as to Defendant Mosaic
### 15 U.S.C. § 1681s-2(b)

73.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74.    This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

75.    According to the FCRA, all persons who furnish information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

76.    According to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation by the person must be reported to consumer reporting agencies; and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies, which were supplied such information.

78. Defendant Mosaic willfully violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Experian; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

79. Specifically, Defendant Mosaic furnished that the Account had a recent delinquent payment history and was "charged off" with an outstanding balance from August 2023 until December 2023 even though Plaintiff paid off the debt to National Recovery.

80. Defendant Mosaic does not maintain reasonable procedures to assure maximum possible accuracy of the consumer information it contains for the purpose of furnishing that information to Consumer Reporting Agencies.

81. As a result of the conduct, action, and inaction of Defendant Mosaic, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82. The conduct, action, and inaction of Defendant Mosaic was negligent, rendering Mosaic liable for actual, statutory, and punitive damages in an amount to be determined by a jury according to 15 U.S.C. § 1681(n).

83. Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant Mosaic in an amount to be determined by the Court according to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

84.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85.     This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

86.     Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

87.     Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA including but not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported.

   b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff.

   c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff.

   d.   The failure to promptly and adequately investigate information, which Experian had notice was inaccurate.

   e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate.

   f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information.

   g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete.

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

89.    The conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury according to 15 U.S.C. § 1681(n)

90.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court according to 15 U.S.C. § 1681(o).

91.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs according to 15 U.S.C. § 1681(o).

### <u>FOURTH CAUSE OF ACTION</u>
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Experian

92.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

94.    Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

95.    Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA including but not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported.

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff.

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff.

d. The failure to promptly and adequately investigate information, which Experian had notice was inaccurate.

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate.

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information.

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete.

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

96. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

97. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury according to 15 U.S.C. § 1681(n)

98.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court according to 15 U.S.C. § 1681(n).

99.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorney's fees and court costs according to 15 U.S.C. § 1681(n).

<u>**FIFTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

100.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

101.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

102.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

103.    Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported.

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff.

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff.

    d.  The failure to promptly and adequately investigate information, which Experian had notice was inaccurate.

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate.

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information.

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete.

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

104.  As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

105.  The conduct, action, and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

106.  The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court according to 15 U.S.C. § 168l(o).

**SIXTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

107.  Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

108.  This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

109.  Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

110.    Defendant Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA including but not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported.

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff.

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff.

d. The failure to promptly and adequately investigate information, which Experian had notice was inaccurate.

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate.

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information.

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete.

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

111.    As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

112.    The conduct, action, and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

113.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court according to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

114.    The Plaintiff requests a trial by jury on all issues and counts so triable, according to rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against each Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant/

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant.

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant.

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2). and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 14, 2025                              Respectfully Submitted,

                                                     **JAFFER & ASSOCIATES PLLC**

                                                     /s/ *Heather Hersh*
                                                     **Heather Hersh**
                                                     Bar No.: 24094760
                                                     5301 Alpha Road, Ste. 80-5
                                                     Dallas, TX 75240
                                                     T: (469) 589-5605
                                                     F: (888) 530-3910
                                                     E-mail: heather@jaffer.law
                                                     *Attorneys for Plaintiff*

## VERIFICATION

I, *Jeff Smoger*, declare the following:

1. I have personal knowledge of the matters alleged in the foregoing Amended Complaint; and
2. The allegations contained herein are true and correct; and

I verify under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of January 2025.

*Jeff Smoger*

**STATE OF TEXAS)**
**COUNTY OF DALLAS)**

On this day, JEFF SMOGER, appeared before me, the undersigned notary public. After I administered an oath to the Plaintiff, upon their oath, the Plaintiff said that they read the foregoing Amended Complaint and that the facts stated in it are within the Plaintiff's personal knowledge and are true and correct.

*Jeff Smoger*

**SWORN TO and SUBSCRIBED** before me by JEFF SMOTHER on

January 14 , 2025



**Notary Public**

**Notary Public in and for the State of Texas**

**My Commission Expires**

Doc ID: beab0173c8efd45385ed09a7be0bbf57313c4246